UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| KASH DESHAWN LEE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 10-4029 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Now before the Court is Petitioner Kash Deshawn Lee's ("Lee") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, and the Government's Motion to Dimiss. For the reasons set forth below, the Government's Motion [#4] is GRANTED and Lee's Motion [#1] is DISMISSED.

## BACKGROUND

On May 16, 2007, Lee was charged with one count of Conspiracy to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, one count of Possession with Intent to Distribute Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), one count of Distribution of Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of Distribution of Crack Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). On October 29, 2007, Lee pleaded guilty to Counts 1 (Conspiracy to Distribute Crack Cocaine), 5 (Possession with Intent to Distribute Crack Cocaine), and 6 (Distribution of Crack Cocaine in violation of §§ 841(a)(1) and 841(b)(1)(B)). In his written plea agreement, filed on October 29, 2007, Lee agreed to waive the right to appeal and/or collaterally attack his conviction and/or sentence. On November, 16, 2007, the Court filed its Acceptance of Plea of

Guilty, Adjudication of Guilt and Notice of Sentencing. At his sentencing on February 15, 2008, Lee was sentenced to a mandatory term of life in prison for Count 1, and 188 months of imprisonment for each of Counts 5 and 6, all of which were to run concurrently. He was also sentenced to 10 years of supervised release. Judgment was entered against Lee on February 21, 2008, and he did not file a direct appeal.

Although he waived his right to appeal and pursue collateral relief pursuant to § 2255 in ¶¶ 11-12 of the written plea agreement , Lee has now filed the instant Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. In his motion, Lee claims: 1) that his counsel failed to represent Lee to the best of his ability, 2) that from the start, his counsel threatened that Lee would spend the rest of his life in prison if he did not work with the government, 3) Lee never saw any evidence against him because his counsel just wanted him to plead guilty, and 4) Lee's counsel never filed a motion for leave to appeal within the required time period. This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a collateral attack on a federal sentence. The present case is covered by 28 U.S.C. § 2255, which states in relevant part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of --
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the present case, Lee alleges that he is entitled to relief because he did not understand his appeal rights and they were never really taught to him. Though it is not entirely clear, Lee appears to further allege that because he did not know any better, he relied upon the "smart people" in proceeding with his case and that his attorney "sold" him to the government because he did not want to represent Lee. Lee makes no assertion that he was unable to discover his claim, that there is any newly recognized federal right made retroactively applicable to cases on collateral review, or that he was prevented from filing. Thus, this case does not involve the application of sub-sections (2), (3), or (4) above.

Here, Lee's direct attack on his conviction became final 10 business days from February 21, 2008, on March 6, 2008.[1] However, he did not submit his § 2255 until March 25, 2010, more than one year after his period of limitations expired. In other words, the time that elapsed between the date his Judgment became final and the submission of his motion exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a motion under § 2255.

---

[1] Fed. R. App. P. 4(b)(1)(A) was amended, effective December 1, 2009, to provide that a defendant's notice of appeal must be filed in the district court within 14 days after entry of the judgment being appealed.

Lee asks how his judgment of conviction could have become final if he thought his lawyer filed an appeal, which would mean that the case would still be open. Lee's subjective belief that his lawyer filed a notice of appeal does not change the fact that his judgment of conviction became final on March 6, 2008.[2] He also argues that Federal Rule of Appellate Procedure 4(b) provides that the government must file a notice of appeal. Rule 4(b)(1)(B) provides the time within which the government must file its notice of appeal in a criminal case, but does not require the government to actually file such a notice. To the extent that Lee argues Federal Rule of Appellate Procedure 4 also governs an appeal by a "prison [sic]", he is mistaken because no provision in Rule 4 provides for that.

The Government argues that Lee cannot avail himself of equitable tolling where he contends that he was prevented from timely filing his § 2255 motion because he lacked knowledge of the law. § 2255's period of limitation is a procedural statute of limitations which is subject to equitable tolling. *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000); *Nolan v. United States*, 358 F.3d 480, 484 (7th Cir. 2004). "Extraordinary circumstances far beyond the litigant's control must have prevented timely filing." *Marcello*, 212 F.3d at 1010; *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). The petitioner must also show that he has diligently pursued his rights. *Pace*, 544 U.S. at 418. Furthermore, the threshold to trigger equitable tolling is very high, and rarely are circumstances identified that would justify such tolling. *Id.*; *Nolan,* 358 F.3d at 484 (internal citations omitted) ("we have yet to identify a

---

[2] The Court parenthetically notes that Lee's counsel would not have filed a notice of appeal because Lee's Plea Agreement provided that Lee waived the right to appeal his conviction and sentence. Plea Agreement, ¶ 11.

circumstance that justifies equitable tolling in the collateral relief context").

Here, Lee's contention that the 1-year statute of limitations does not bar his petition because he did not understand his appeal rights and that those rights were never really taught to him does not warrant equitable tolling. As Respondent correctly points out, lack of legal knowledge does not excuse equitable tolling. *See Montenengro v. United States*, 248 F.3d 585, 594 (7th Cir. 2001), *overruled on other grounds by Ashley v. United States*, 266 F.3d 671 (7th Cir. 2001) (lack of knowledge of the U.S. legal system, among other things, not enough to constitute extraordinary circumstances to justify equitable tolling); *see also Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) (explaining that reasonable mistakes of law not a basis for equitably tolling the one-year statute of limitations for § 2254 petitions). Lee simply does not point to any extraordinary circumstances far beyond his control that prevented the timely filing of a § 2255 petition. Though Lee attempts to make a due diligence argument in his Traverse, it is so far from clear that the Court cannot discern what that argument actually is. He is therefore not entitled to equitable tolling.

Lee further attempts to argue in his Traverse that he signed the plea agreement while under duress imposed by his attorney. However, Lee's signed Plea Agreement provided in relevant part:

> 31. I have read this entire Plea Agreement carefully and have discussed it fully with my attorney. I fully understand this Agreement, and I agree to it voluntarily and of my own free will. I am pleading guilty because I am in fact guilty, and I agree that the facts stated in this Agreement about my criminal conduct are true. No threats, promises, or commitments have been made to me or to anyone else, and no agreements have been reached, expressed or implied, to influence me to plead guilty other than those stated in this written Plea Agreement. I am satisfied with the legal service provided

>by my attorney. I understand that by signing below I am stating that I agree
>with everything stated in this paragraph, and I am accepting and entering into
>this Plea Agreement.

His duress argument accordingly lacks merit. Finally, Lee attached a request for appointment of counsel to represent him in 18 U.S.C. § 3582(c) Proceedings, and attached a motion to reduce his sentence pursuant to § 3582(c). Such a request for appointment of counsel and related motion to reduce sentence is improperly before the Court as part of Lee's § 2255 petition. Any request for reduction of sentence pursuant to § 3582(c) must be properly filed in Lee's criminal case.

## CONCLUSION

For the reasons set forth above, the Government's Motion to Dismiss [#4] is GRANTED, and Lee's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [#1] is DISMISSED for lack of jurisdiction as time barred. Lee's request for appointment of counsel and motion to reduce sentence pursuant to 18 U.S.C. § 3582(c) attached to his Traverse are denied as MOOT.

ENTERED this 17th day of August, 2010.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge